Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-2059

UNITED STATES OF AMERICA,

Appellee,

v.

JOSEAN MONTALVO GERENA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

Julio César Alejandro Serrano on brief for appellant.
Thomas F. Klumper, Assistant United States Attorney, Rosa
Emilia Rodríguez-Vélez, United States Attorney, and Mariana E.
Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate
Division, on brief for appellee.

November 8, 2017

**Per Curiam**.  Pursuant to a plea agreement, defendant Josean Montalvo Gerena ("Montalvo") pled guilty to and was sentenced for one count of conspiracy to possess a controlled substance with intent to distribute.  By the terms of the waiver of appeal provision in the plea agreement, "[t]he defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms, conditions, and recommendations, defendant waives and surrenders his right to appeal the conviction and sentence in this case."  The agreement provided for a sentence of 87 to 125 months' imprisonment if Montalvo was found to have a criminal history category ("CHC") of IV or higher.  The district court determined Montalvo's CHC to be VI.  After calculating the applicable guidelines range, the court sentenced him to 125 months' imprisonment, a term consistent with the plea agreement.

Although Montalvo perfunctorily asserts that the plea agreement does not bar him from appealing on the ground that his CHC should have been lower, and that he therefore should have received a lower sentence, this bare assertion clearly contradicts the plain language of the appeal waiver provision.  Because Montalvo has failed to contest the waiver of his appeal rights in any developed manner, he has waived any argument that the appeal waiver does not apply.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived.").

Moreover, there is no reason not to enforce the appeal waiver. The scope of the waiver was clearly delineated, the district court confirmed Montalvo's understanding of the appeal waiver in a colloquy at the change of plea hearing, and there is no miscarriage of justice in Montalvo's run-of-the-mill claims of sentencing error. See United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007).

Accordingly, we summarily dismiss Montalvo's appeal. See 1st Cir. R. 27.0(c).